Dear Mrs. Kelly:
This opinion is in response to your request for a review of certain instructions styled "Calculation of Rate of Additional Countywide Tax on Subclass 3 Property to Replace Revenues Lost Because of Exemption of Merchants' and Manufacturers' Inventory". We have examined this document and find that the principal issue presented is whether the term "preceding year" in Section 139.600.1, RSMo Supp. 1984, refers to a year beginning on January 1, 1984, and ending December 31, 1984, or a year beginning April 1, 1984, and ending March 31, 1985.
On August 3, 1982, the People of the State of Missouri adopted House Committee Substitute for Senate Joint Resolution No. 25, 1982 Mo. Laws 741, known as Amendment No. 7 on the ballot. In part, Amendment No. 7 amended Article X, Section 6, Missouri Constitution. Subsection 1 of Article X, Section 6, Missouri Constitution, now exempts certain personal property (inventories) from taxation; such exemption is effective on January 1 of the year in which the county completes its first general reassessment. Most counties will complete their first general reassessment during 1985. See, Sections 137.750 and 139.600.1, RSMo Supp. 1984. Subsection 2 of Article X, Section 6, Missouri Constitution, states in part:
 2. All revenues lost because of the exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments shall be replaced to each taxing authority within a county from a countywide tax hereby imposed on all property in subclass 3 of class 1 in each county. For the year in which the exemption becomes effective, the county clerk shall calculate the total revenue lost by all taxing authorities in the county and extend upon all property in subclass 3 of class 1 within the county, a tax at the rate necessary to produce that amount. . . .
Subsection 4 of Article X, Section 6, Missouri Constitution, defines the terms "revenues lost" and "lost revenues" with reference to the "revenue which each taxing authority received from the imposition of a tangible personal property tax on all personal property held as industrial inventories, . . . in the last fulltax year immediately preceding the effective date of the exemption from taxation granted for such property under subsection 1 of this section, and which was no longer received after such exemption became effective." (Emphasis added.)
Section 137.074.2, RSMo Supp. 1984, requires certain taxing officials to separately identify the property that falls within the exemption referred to above in the 1984 tax year and thereafter until the exemption becomes effective.
Section 139.600.1, RSMo Supp. 1984, states:
 To implement the provisions of section 6 of article X of the Missouri Constitution, the amount received by each taxing authority for the preceding year
which will be "lost revenues" as defined in subsection 4 of section 6 of article X
of the Missouri Constitution and resulting from the exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments, shall be determined by each county clerk as of March thirty-first of the year the exemption becomes effective and shall include any delinquent taxes received during the preceding year and taxes for the preceding year which have been received by the collector but are subject to an appeal as of that date. The levy to be charged against the assessed valuation of real property listed in subclass (3) of class 1 of section 4(b) of article X of the Missouri Constitution necessary to produce the total revenues lost by all taxing authorities in the county shall be determined by each county clerk no later than September first of the year the replacement tax is first imposed. The exemption of certain personal property of manufacturers, refiners, distributors, wholesalers, and retail merchants and establishments under section 6 of article X of the Missouri Constitution shall not become effective in any county or city not within a county of this state until January 1, 1985, upon which date such exemption shall be effective in all counties and cities not within a county in this state.
Section 1.020, RSMo Supp. 1984, states:
 As used in the statutory laws of this state, unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context thereof:
* * *
 (9) "Month" and "year". "Month" means a calendar month, and "year" means a calendar year unless otherwise expressed, and is equivalent to the words "year of our Lord"; [Emphasis added in part.]
Unless otherwise expressed or otherwise specially provided or unless plainly repugnant to the intent of the legislature, the term "year" refers to a calendar year.
Although it could be argued that using an April 1, 1984 to March 31, 1985 "preceding year" would result in the best calculation of the actual 1984 lost revenues (because this would count 1984 delinquencies received in the first three months of 1985 as 1984 revenue), we do not believe that the General Assembly has specially provided for a year other than a calendar year in Section 139.600.1, RSMo Supp. 1984. Thus, the "preceding year" referred to in Section 139.600.1, RSMo Supp. 1984, is a calendar year. In addition, it is our view that the statute implements Subsection 4 of Article X, Section 6, Missouri Constitution, and that the statutory reference to "preceding year" has the same meaning as "last full tax year". Cf. State ex rel. RandolphCounty v. Walden, 206 S.W.2d 979 (Mo. banc 1947).
CONCLUSION
It is the opinion of this office that the "preceding year" referred to in Section 139.600.1, RSMo Supp. 1984, is a calendar year.
Yours very truly,
 WILLIAM L. WEBSTER Attorney General